## W. Z. BEDON et al. v. W. F. P. ALEXANDER.

1. ATTACHMENT.—REPLEVIN OF GOODS ATTACHED—VERDICT—PRACTICE.—On replevin by defendants of the goods attached, the jury, if they find for plaintiff, shall assess the value of the goods replevied, as well as the amount due plaintiff; and a failure to do this vitiates the verdict.

ERROR to the circuit court of Washington county. SHACKELFORD, J.

The opinion of the court contains a statement of the case.   The error assigned is as follows:

1. The court erred in rendering judgment against W. Z. Bedon and John A. Scott upon the verdict of the jury.

*Nugent & Yerger*, for plaintiffs in error, Cited Rev. Code of 1857 p. 375, art 9.

*Geo. L. Potter*, for defendant in error.

TARBELL, J.

In 1866, the defendant in error, as assignee of the firm of Alexander & Mellen sued out an attachment under ch. LII, Rev. Code of 1857, against the estate of W. Z. Bedon, one of the plaintiffs in error.   The personal property of the defendant in the attachment having been seized, it was replevied by him, and a forthcoming bond executed to the sheriff with John A. Scott as surety, which bond is conditioned as follows, viz.: " The condition of this obligation is such, that whereas W. F. P. Alexander has obtained an attachment against the estate of W. Z. Bedon for the sum of six hundred dollars returnable to the circuit court of the county of Washington, state of Mississippi, to be held at Greenville on the 2d Monday of May, A. D. 1867.   Now if the said W. Z. Bedon shall have said property forthcoming to answer and abide the judgment of the court in said suit, or in default thereof shall pay and satisfy the judgment to the extent of the value of said property attached, then this obligation to be void, otherwise to remain in full force and effect."   The affidavit upon which the attachment issued was traversed, and to the declaration there was a plea of *non-assumpsit*.   Upon

the issue thus joined the jury found a general verdict in these words: "We, the jury, find for the plaintiff and assess his damages at $740.50." Upon this verdict there was a judgment as follows: "And thereupon it is considered by the court, that the plaintiff do have and recover of the said W. Z. Bedon and Jno. A. Scott the security on the replevin bond filed herein, the sum of seven hundred and forty 50-100 dollars and all the costs of this suit to be taxed." In the several returns of the sheriff, given in the record, there is no valuation of the property attached; nor does the record show that the jury assessed the value of the property replevied, but found only the indebtedness of the defendant in the attachment to the plaintiff therein.

Another question is presented by the record; but it is only necessary to consider whether, notwithstanding the clear non-compliance with art. 9, p. 375, Code of 1857, the judgment can be sustained. The requirements of the code referred to are positive, that, " if the personal property attached, or any part thereof,  *  * shall have been replevied by the defendant, the jury trying the issue between the parties, if they find for the plaintiff, shall assess the value of the property so  *  * replevied by the defendant, as well as the debt or damages due the plaintiff." The further provisions of the same statute furnish, apparently, an unanswerable reason for a compliance with the previous portion of the same article already quoted: " And if the value of the property shall equal the amount found due the plaintiff, judgment shall be entered against  *  * the defendant and his sureties, on such replevin bond for the amount of said verdict; and if the value of the property shall be less than the amount found due the plaintiff, judgment shall be entered against the defendant for the amount of the verdict, and against the sureties in his replevin bond,  *  * for the value of the property so replevied.  *  *  * In all cases pro-

vided in this article, the judgment against the sureties of the defendant * * shall be satisfied and discharged by the delivery, to the sheriff of the county, of the property replevied, * * within ten days after execution on such judgment shall have come to his hands; and such sheriff shall sell the property so delivered to him, and apply the proceeds to the payment of the execution; and in all cases the valuation of the property, by the officer taking such bond, shall be *prima facie* evidence, in favor of the plaintiff, of the value of the property."

As already stated, there was no valuation of the property by the sheriff appearing of record; and the neglect of the jury to assess the value, rendered a compliance with the further provisions of the code impossible. We know of no statute or decision of this court which will enable us to sustain the judgment in this case upon the record before us. Upon the judgment a *fieri facias* was issued against the goods and chattels, lands and tenements of both the principal and surety, directing the sheriff to make the full amount thereof and costs. Whereupon the said Bedon and Scott prayed out and prosecuted this writ of error.

It seems to be clear that the judgment must be reversed, and it is so ordered.